<hr />

Decided 17 October, 1904.

## McPHEE *v*. KELSEY. *

[78 Pac. 224.]

VACATING APPELLATE DECREE — AMBIGUOUS PLEADINGS.

When the pleadings are ambiguous, and do not clearly define the rights insisted upon, and one of the parties has been misled to his prejudice by failing to offer testimony, a decree will be vacated to give an opportunity for the introduction of further testimony.

Appeal from Baker County.

This is a motion to vacate a decree of this court.

For the motion there was a brief and an oral argument by *Mr. Thomas H. Crawford.*

*Contra*, there was a brief over the names of *Leroy Lomax* and *John L. Rand*, with an oral argument by *Mr. Lomax.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

A petition for a rehearing having been overruled, defendant's counsel filed another application, which has been treated by this court as a motion to vacate the decree herein and to remand the cause to take further testimony as to whether all the water of Hutchinson Slough was intended by the parties to be included in their agreement of 1888, and whether a new appropriation of the water of North Powder River was made by either party from the enlarged ditch for the irrigation of more than

<hr />

* This decision was rendered after the previous opinions in the case had been printed (44 Or. 193), otherwise it would have been published with them.
                                          REPORTER.

the first crop of alfalfa. Briefs having been filed and arguments made on these questions by counsel for the respective parties, we think the defendant may have been misled by the averments of the complaint, which are rather ambiguous respecting the questions now sought to be raised, and the cause tried on an erroneous theory in relation thereto, whereby relevant evidence was omitted. Judgments and decrees based on issues sharply defined ought not to be set aside for light or trivial reasons, notwithstanding a failure to introduce testimony; but when the pleadings do not so define the rights insisted upon, and one of the parties has been misled thereby to his prejudice, by failing to offer testimony, an innate sense of justice ought to prompt a court to correct what might otherwise prove a travesty on justice, and, believing that an error may have been committed in the respect indicated, the decree rendered in this court will be vacated, and the cause sent back for the introduction of such testimony as the parties may offer under the issues heretofore construed by this court, and for such further proceedings as may be necessary.    DECREE VACATED.

---

Decided 15 August, 1904.